UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 3:20-CR-228 |
| | ) | |
| v. | ) | (JUDGE MARIANI) |
| | ) | |
| KURT MORAN, | ) | |
| | ) | |
| Defendant. | ) | (Electronically Filed) |

PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As the result of the guilty plea to violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), Count 55, 21 U.S.C. § 856(a)(1), Count 330, and 18 U.S.C. § 1347, Count 405, for which the United States sought forfeiture pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982, defendant shall forfeit to the United States:

   a. all property constituting, or derived from, proceeds/gross proceeds the defendant obtained directly or indirectly, as the result of such offenses;

   b. all property used or intended to be used in any manner or part to commit or facilitate the commission of the offenses; and

   c. any property real or personal, that constitutes or is

derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

2. The court concurs based on the defendant's Plea Agreement, that the following property is subject to forfeiture pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982, and that the government has established the requisite nexus between such property and such offenses:

    a. Approximately $140,000.00 in U.S. currency representing the proceeds of the offenses;

    b. Kurt Moran's Medical License, number MD 040998 - L (PA);

    c. The contents of Community Bank Acct. #4502006994 held in the name of Kurt Moran in the approximate amount of $12,570.45 in U.S. Currency; and

    d. Approximately $5,430.00 in U.S. Currency seized from Kurt Moran and Jill Moran on January 30, 2018, in Scranton, Pennsylvania.

3. Because the defendant dissipated the above-described property constituting or derived from any proceeds obtained directly or indirectly from the commission of the offenses and are gross proceeds

traceable to the commission of the offense, the United States may seek, as a substitute asset pursuant to 21 U.S.C. § 853(p), forfeiture of any of the defendant's property up to the value of the dissipated proceeds.

4. Upon the entry of this Order, the United States or its designee is authorized to seize the above property, whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

5. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the above property.

6. Any person, other than the above-named defendant, asserting a legal interest in the above property may, within thirty days of the final publication of or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the above property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

7. Any petition filed by a third party asserting an interest in the above property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the above property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the above property, any additional facts supporting the petitioner's claim and the relief sought.

8. No claim filed with the seizing agency in an administrative proceeding, nor any petition filed in a related civil action shall qualify as a petition that must be filed in this action which meets the requirements of and within the time allowed under 21 U.S.C. § 853(n), as described above.

9. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the above property following the court's disposition of all third-party interests,

including titled owners, spouses, and any other interested parties, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

11. Pursuant to Fed. R. Crim. P. 32.2(b)(3) and 18 U.S.C. § 3554, this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing pursuant to the Plea Agreement and shall be made part of the sentence and included in the judgment.

12. Upon adjudication of all third-party interests, the court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

13. The court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

14. The Clerk of Court shall forward four certified copies of this order to Assistant U.S. Attorney Sean A. Camoni, U.S. Attorney's Office, Middle District of Pennsylvania.

SO ORDERED this _____ day of _____ 2021.

ROBERT D. MARIANI
UNITED STATES DISTRICT JUDGE